| iBYRNES, Judge,
concurring.
I respectfully concur, not out of any disagreement with anything expressed in the majority opinion; but merely for the purpose of exploring certain issues a little further.
I subscribe to the statement found in such cases as Demery v. HANO, 96-CA-1024 (La. App. 4 Cir. 2/12/97); 689 So.2d 659, 666; Geen v. Geen, 95-984 (La.App. 3 Cir. 12/27/95); 666 So.2d 1192,1194; and Putnam v. Mayeaux, 93-1251 (La.App. 1 Cir. 11/10/94); 645 So.2d 1223 that:
A biological parent who knows of the existence of his biological child and who fails to *736 assert his rights for a significant amount of time, cannot come forward later and assert paternity.
I believe that dual paternity creates special problems beyond the scope of traditional civilian thinking, in response to which Louisiana courts have fashioned special solutions such as that quoted above. (See Smith v. Cole, 553 So.2d 847 (La.1989), for an excellent discussion of the evolution of the concept of dual paternity in Louisiana law.) I wish to emphasize what I consider to be the special nature of the circumstances of this case lest this case be misconstrued as the camel’s nose under the tent of laches.
I also note that the cases cited by the majority imply that the biological father’s avowal action does not arise under LSA-C.C. art. 209. “Articles 208 and |2209 give the child or the child’s mother, the right to bring a filiation proceeding.” Smith v. Cole, 553 So.2d 847, 854 (La.1989.). “Biological fathers may bring avowal actions. [Citations omitted.] La. Civ.Code art. 208 and 209 also give the mother or the child the right to bring a filiation proceeding.” Demery, supra, 689 So.2d at 666. Thus the “avowal action” of the father does not arise out of LSA-C.C. art. 209. Instead it has been inferred from various sources. Smith v. Cole, 553 So.2d 847, 851 (La.1989). Therefore, the prescriptive period in LSA-C.C. art. 209 does not apply. Consequently, LSA-C.C. art. 209 does not act as an impediment to the juris-prudentially recognized lache-like approach adopted by the majority as a corollary to the jurisprudentially recognized “avowal action” afforded to the biological fathers of children recognized as the legal children of 'another man.